IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 11-40042-01-RDR**

LISA SHARP and WAYNE
SPENCER, M.D.,

        Defendants.

## O R D E R

This case is before the court upon defendants' joint motion for a 30-day extension of time to file pretrial motions. The government does not oppose the motion.

This case contains conspiracy, mail fraud, and false recording charges in relation to defendants' conduct of a clinical drug trial. Neither defendant is in custody pending trial.

Defendants assert that the investigation of this matter is ongoing and that both defendants require additional time to adequately prepare pretrial motions. In addition, defendants note that preliminary discussions have started regarding a non-trial resolution of this case. The motion implies that more time would be helpful to determine whether these negotiations bear fruit and whether it is necessary to file pretrial motions.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the

ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case, although this case does appear somewhat out of the ordinary for court and counsel. After full consideration, the court finds that the denial of the requested continuance may deny counsel and defendants the time necessary to adequately consider whether to file pretrial motions and what pretrial motions to file, taking into account the exercise of due diligence. The court further finds that the denial of the requested continuance may deprive counsel and defendants the time necessary to adequately consider a plea agreement prior to engaging in the time and expense of filing

2

pretrial motions. The court believes that the requested continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. The court has no grounds to believe that either defendant is a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and defendant shall be granted time until August 11, 2011 to file pretrial motions. The government shall have time until August 19, 2011 to respond to the motions. A hearing upon any motions filed shall be scheduled for August 26, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 13tday of July, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge